UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Desean Lamont Thomas, | Case No. 0:16-cv-03805-JRT-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Pastor James Bzoskie, Lieutenant Verby, Lieutenant Heart, John Doe, Dakota County Minnesota, | |
| Defendants. | |

Desean Lamont Thomas, 228769, MCF-Rush City, 7600 525th Street, Rush City, MN 55069, pro se plaintiff

Helen R. Brosnahan, Esq., and Jeffrey A. Timmerman, Esq., Dakota County Attorney's Office, counsel for defendants

      Pending before the Court for proposed findings and conclusions of law is a motion to remand filed by the plaintiff, Desean Lamont Thomas. Mr. Thomas seeks to remand this matter to the Minnesota state court from which it was removed. Pl.'s Mot. to Remand, ECF No. 4. For the reasons explained below, the Court recommends that Mr. Thomas's motion to remand be denied.

      The defendants removed this action to federal court on November 2, 2016, asserting that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, alleging that the action arises under the United States Constitution and the laws of the United States. Notice of Removal, ECF No. 1. On November 9, 2016, Mr. Thomas filed his motion to remand in which he raises two principal arguments. First, he contends that the defendants' removal was improper because certain claims in his Amended Complaint are premised on Minnesota law and can be handled by the state court. Second he asserts that the defendants' removal was untimely. *See* Pl.'s Mot. to Remand at 2-3.

**Jurisdiction**

Because the defendants removed this case and oppose Mr. Thomas's request for remand, it is their burden to establish federal subject-matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Any doubts about federal jurisdiction should be resolved in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

The defendants argue that removal was proper because the Court has federal-question jurisdiction over the action. Defs.' Mem. at 3-4, ECF No. 9. A litigant may remove a civil action as provided by 28 U.S.C. § 1441. In relevant part, § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

*Id.* § 1441(a). Federal district courts have original jurisdiction over all civil actions arising under federal law. 28 U.S.C. § 1331.

This Court finds that the allegations in Mr. Thomas's pleadings establish that this action arises under federal law. In his original Complaint, Mr. Thomas specifically asserts that Pastor James Bzoskie violated his federal constitutional rights, including his right to equal protection of the laws, making Pastor Bzoskie liable under 42 U.S.C. § 1983. Compl. ¶¶ 3, 7, 11, ECF No. 1-1. In the Amended Complaint, Mr. Thomas adds several additional defendants, but again alleges liability under § 1983 for violations of his federal constitutional rights. Am. Compl. at 1, ECF No. 1-3. He also alleges that the defendants interfered with his "religious freedoms and rights" and rights under the "federal equal protection clause." *Id.* ¶¶ 9, 11. Based on these allegations, the face of Mr. Thomas's pleadings presents federal questions, the Court has original jurisdiction, and the defendants' removal of this action was therefore proper. *See Preston v. City of Pleasant Hill*, 642 F.3d 646, 650 (8th Cir. 2011).

Mr. Thomas argues that the Dakota County District Court has the power to handle his state-law claims. Pl.'s Mot. to Remand at 2. In both his original Complaint and his Amended Complaint, Mr. Thomas asserts a claim for breach of contract and breach of a fiduciary duty, and he alleges that one or more defendants are liable for a

"Tort Claim 3.736(b)(k)."[1] But those state-law claims are premised upon the same facts that underlie his federal constitutional claims. Because the facts relevant to both sets of claims are intertwined, the Court has supplemental jurisdiction over the state-law claims and remand is not required. *See O'Neal v. Moore*, No. 06-cv-2336 ADM/JSM, 2007 WL 541695, at *1, *10-12 (D. Minn. Feb. 16, 2007) (denying a pro se plaintiff's motion to remand where the plaintiff's state-law claims were intertwined with federal-question claims presented on the face of the complaint).

Defendants have established that the Court has subject-matter jurisdiction, and their removal of this case complies with 28 U.S.C. § 1441(a).

### Timely Removal

Mr. Thomas also argues that this case should be remanded to Dakota County District Court because the defendants' removal was untimely. Pl.'s Mot. to Remand at 1-2. The timeliness of removal is governed by 28 U.S.C. § 1446, which provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b)(1). These time limitations are not jurisdictional, but "they are mandatory and are to be strictly construed[.]" *Percell's Inc. v. Cent. Tel. Co.*, 493 F. Supp. 156, 157 (D. Minn. 1980).

---

[1] Mr. Thomas may be referring to Minn. Stat. § 3.736 subd. 2(k), though the Court cannot be certain. The general rule under § 3.736 is that

> the state will pay compensation for . . . personal injury . . . caused by an act or omission of an employee of the state while acting within the scope of office or employment . . . under circumstances where the state, if a private person, would be liable to the claimant, whether arising out of a governmental or proprietary function.

Minn. Stat. § 3.736, subd. 1. Subdivision 2(k) creates an exclusion from this general rule. It provides that "the state and its employees are not liable . . . for a loss based on the failure of a person to meet the standards needed for a license, permit, or other authorization issued by the state or its agents[.]"

Mr. Thomas filed the original Complaint in Dakota County District Court on October 13, 2016. Notice of Removal ¶ 1; *Id.*, Ex. C (Notice of Case Filing). On October 27, 2016, Mr. Thomas filed an Amended Complaint in Dakota County District Court. Notice of Removal ¶ 3; Am. Notice of Removal ¶ 3, ECF No. 7. Mr. Thomas asserts that he provided his original Complaint to the Dakota County District Court several months earlier, but the state court refused to file his pleading because it was handwritten. Pl.'s Mot. to Remand at 1-2.

Mr. Thomas did not serve the original Summons and Complaint on Pastor James Bzoskie until the latter received service on November 10, 2016. Timmerman Aff. ¶ 2 & Ex. 1, ECF No. 10 & 10-1. Only Pastor Bzoskie has been served with the original Summons and Complaint. *Id.* According to defendants' counsel, the Amended Complaint has not been properly served on any of the defendants. Timmerman Aff. ¶ 3. Lieutenant Benjamin Verby, Lieutenant Lawrence Hart, John Doe, and Dakota County have not been properly served with a Summons. *Id.* ¶ 4. Despite the issues with service, as noted above, on November 2, 2016, the defendants removed this action to this Court from the Dakota County District Court.

The Court concludes that the defendants' removal was timely. The Supreme Court has held that the thirty-day period for removal under 28 U.S.C. § 1446 does not begin to run until formal service of the complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Applying this rule to the facts of this case, the thirty days for removal did not begin to run until Pastor Bzoskie was personally served with the original Summons and Complaint on November 10, 2016. Because the defendants removed the case prior to November 10th, the time for removal had not expired and the removal was timely. *See Perry v. Boston Scientific Family, et al.*, No. 0:16-cv-137 (PJS/HB), 2016 WL 3976354, at *2 (D. Minn. June 27, 2016) (concluding that thirty-day window did not start running prior to formal service and removal prior to formal service was therefore timely).

This conclusion is not undermined by any of Mr. Thomas's arguments to the contrary. Mr. Thomas suggests removal prior to service requires remand, Pl.'s Mot. to Remand at 2 ¶ 3, but as the Court noted in *Perry*, "a party may remove a case to federal court even if it has not been served at the time of removal." 2016 WL 3976354, at *2 (citing *Miller v. Cottrell, Inc.*, No. 06-cv-141, 2006 WL1313367, at *2-3 (W.D. Mo. May 12, 2006)).

Mr. Thomas also argues that the time for removal should run earlier because his original Complaint is dated April 1, 2016 and the state court prohibited him from filing the case sooner than October 13, 2016. Pl.'s Mot. to Remand at 2 ¶ 2. However, as noted above, the Supreme Court has held that the thirty-day window begins to run

4

when the complaint is served. *Murphy Bros.*, 526 U.S. at 350. The delay Mr. Thomas experienced in filing his original Complaint in state court is irrelevant to the issue of the timeliness of removal.

## Recommendation

For the reasons stated above, the defendants' removal was appropriate in this matter. Based on the face of the allegations in Mr. Thomas's Complaint and Amended Complaint, the Court has federal question jurisdiction. The defendants' removal was also timely pursuant to 28 U.S.C. § 1446(b)(1). Mr. Thomas's motion to remand should be denied. Accordingly, the Court recommends that Mr. Thomas's motion to remand **[ECF No. 4]** be **DENIED**.

Date: May 8, 2017

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.

5