# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| DESEAN LAMONT THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>PASTOR JAMES BZOSKIE,<br>LIEUTENANT BENJAMIN VERBY,<br>LIEUTENANT HEART, JOHN DOE,<br>and DAKOTA COUNTY MINNESOTA,<br><br>Defendants. | Civil No. 16-3805 (JRT/KMM)<br><br>**MEMORANDUM OPINION<br>AND ORDER ADOPTING REPORT<br>AND RECOMMENDATION<br>DENYING MOTION TO REMAND** |

Desean Lamont Thomas, No. 228679, Minnesota Correctional Facility-Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* plaintiff.

Jeffrey A. Timmerman and Helen R. Brosnahan, Assistant Dakota County Attorneys, **DAKOTA COUNTY ATTORNEY'S OFFICE**, 1560 Highway 55, Hastings, MN 55033, for defendants.

On May 8, 2017, United States Magistrate Judge Katherine Menendez issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff Desean Lamont Thomas's motion to remand this case. The Magistrate Judge found that Thomas's allegations established original jurisdiction for the Court because many of his claims arise under federal law. Specifically, she noted that Thomas brought claims against Defendants for violating his federal constitutional rights, including equal protection and religious freedom rights. She also found that his state-law claims for breach of contract, breach of fiduciary duty, and tort-liability are factually intertwined

with his federal constitutional claims, and thus the Court has supplemental jurisdiction over those state-law claims as well.

On May 18, 2017, Thomas timely filed objections to the R&R on two grounds. First, Thomas argues that removal is prejudicial because it will preclude Thomas from conducting discovery in this case. Specifically, Thomas asserts that the Magistrate Judge seeks to "merge" this action with his other federal action where the discovery period has closed.[1] Second, Thomas asserts that the Magistrate Judge wrongly concluded that this Court has jurisdiction over his state-law claims.

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, a party may "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

The Court reviews *de novo* any portion of an R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Accordingly, the Court reviews the R&R *de novo* in light of Thomas's objections.

---

[1] Thomas is likely referring to Case No. 15-2197, an action that Thomas instituted against the same Defendants, which appears to involve many of the same claims.

## II. THOMAS'S OBJECTIONS

The Court will reject Thomas's first objection that removal is inappropriate because it will preclude him from conducting discovery in this case. The Court has not determined whether to grant Defendants' motion to consolidate this case with Thomas's other federal case. (*See* Defs.' Mot. to Dismiss or for Consolidation & Partial Dismissal, Nov. 30, 2016, Docket No. 12.) Thus, as the cases have not yet been merged, it is undetermined whether Thomas will be precluded from conducting discovery in this matter.

Second, Thomas does not appear to challenge the R&R's determination that it has original jurisdiction over his federal claims and that his state-law claims are based on the same predicate facts as his federal claims. Instead, Thomas appears to contend that his state law claims belong in state court. However, when state-law claims are factually intertwined with federal-law claims, a federal court has supplemental jurisdiction to hear those state law claims as well. *See* 28 U.S.C. § 1367(a) (providing a district court has supplemental jurisdiction over state-law claims that are a part of the same case or controversy as the claims that fall within the district court's original jurisdiction). There is no reason why the Court should decline to exercise its supplemental jurisdiction here.

Thus, as removal to federal court was proper, the Court will overrule Thomas's objections, adopt the R&R, and deny his motion to remand this case to state court.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Thomas's Objections [Docket No. 26]**, ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 24]. **IT IS HEREBY ORDERED** that Thomas's Motion to Remand [Docket No. 4] is **DENIED**.

DATED: August 16, 2017             _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                    Chief Judge
                                          United States District Court