# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Desean Lamont Thomas, | Case No. 0:16-cv-03805-JRT-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Pastor James Bzoskie, Lieutenant Verby, Lieutenant Heart, John Doe, Dakota County Minnesota, | |
| Defendants. | |

Desean Lamont Thomas, 228769, MCF-Rush City, 7600 525th Street, Rush City, MN 55069, pro se plaintiff

Helen R. Brosnahan, Esq., and Jeffrey A. Timmerman, Esq., Dakota County Attorney's Office, counsel for defendants

      This matter ("*Thomas II*") is before the Court on the Defendants' motion to dismiss, [*Thomas II*, ECF No. 12], and the Plaintiff Desean Lamont Thomas' motion for voluntary dismissal, [*Thomas II*, ECF No. 35]. Because there was substantial overlap between this action and another lawsuit Mr. Thomas filed in 2015 (*Thomas v. Bzoskie*, No. 15-cv-2197 (JRT/KMM) ("*Thomas I*")), the Court stayed this litigation pending resolution of a motion for summary judgment in the previous case. [*Thomas II*, Order, ECF No. 25.] The Court instructed the parties to file supplemental briefing upon resolution of the summary judgment motion in *Thomas I*. [*Id.*] The District Court has since granted summary judgment to the Defendants in *Thomas I*, and the Defendants filed a supplemental brief seeking dismissal of Mr. Thomas' claims in this case with prejudice. [*Thomas II*, Defs.' Suppl. Br., ECF No. 32.] For the reasons that follow, the Court recommends that this action be dismissed with prejudice.

1

I.   **Factual Background**

*Thomas I* and *Thomas II* are clearly related. They involve many of the same defendants and both cases concern Mr. Thomas' allegations that the Defendants prohibited him from freely exercising his religion while he was confined at the Dakota County Law Enforcement Center, though he has since disavowed any connection to Islam.[1]

In his pleadings[2] in *Thomas II*, Mr. Thomas makes the following allegations. He states that Pastor Bzoskie, the volunteer chaplain working at the jail, prohibited Muslims at the institution from having religious gatherings, prohibited him from accessing Islamic worship materials and literature, and denied him access to an Imam. [*Thomas II*, Compl. ¶¶ 3-6, 8, ECF No. 1-1; *id.*, Am. Compl. ¶¶ 8-13.] He also alleges that Pastor Bzoskie's actions violated his equal protection rights. [*Thomas II*, Compl. ¶ 7; *id.*, Am. Compl. ¶ 11.] Mr. Thomas made the same allegations against Pastor Bzoskie in *Thomas I*. [*See Thomas I*, May 8, 2017 R&R at 2-3, ECF No. 198 (describing allegations in the complaint).]

Mr. Thomas makes similar allegations against other Dakota County LEC employees he has named as Defendants. Lieutenant Verby allegedly denied Mr. Thomas access to Islamic worship materials and denied him access to Islamic literature. [*Thomas II*, Am. Compl. ¶¶ 9, 13.] Lieutenant Heart "contributed to the banning of Islamic services and gatherings," and denied him access to Islamic literature. [*Id.* ¶¶ 10, 13.] Again, Mr. Thomas made the same allegations against these Defendants in *Thomas I*. [*See Thomas I*, May 8, 2017 R&R at 2-3, ECF No. 198 (describing allegations in the complaint).]

---

[1]   *See Thomas II*, ECF No. 34.

[2]   For ease of discussion, the Court will consider Mr. Thomas' original Complaint and his Amended Complaint in *Thomas II* as one pleading for purposes of analyzing the Defendants' motion to dismiss. [*Thomas II*, ECF. No. 1-1 (original complaint); *id.*, ECF No. 1-3 (amended complaint).]

Finally, Mr. Thomas alleges that an unidentified Defendant referred to as John Doe retaliated against him "for filing a federal lawsuit against Defendants." [*Thomas II*, Am. Compl. ¶ 14.] On June 21, 2015, Mr. Thomas alleges that John Doe confiscated his legal mail and did not return his documents. [*Id.*] John Doe also allegedly slammed Mr. Thomas' finger in a cell tray slot and "[b]reached a Ramadan observance contract in June of 2015." [*Id.* ¶¶ 15-16.] Long after the deadline for amending the pleadings in *Thomas I* had passed, and without showing good cause for the untimely request, Mr. Thomas unsuccessfully sought leave to amend his pleadings in *Thomas I* to assert his retaliation claim against John Doe. [*See Thomas I*, Nov. 29, 2016 Order, ECF No. 170.]

In *Thomas I*, this Court recommended that the Defendants' motion for summary judgment be granted and that Mr. Thomas' claims be dismissed. [*Thomas I*, May 8, 2017 R&R, ECF No. 198.] The District Court adopted the recommendation and granted the Defendants judgment as a matter of law on Mr. Thomas' First Amendment free exercise claims against Pastor Bzoskie and Lieutenant Heart for allegedly preventing Mr. Thomas from gathering with other Muslims in the jail. The Court also granted summary judgment to Pastor Bzoskie and Lieutenant Verby on Mr. Thomas' claim that they violated his free exercise rights by preventing him from having access to Islamic worship materials. And the District Court granted judgment as a matter of law to Pastor Bzoskie and Lieutenant Verby on Mr. Thomas' equal protection claim under the Fourteenth Amendment for alleged differential treatment from followers of other religions. [*See generally Thomas I*, Aug. 4, 2017 Order, ECF No. 204.] Finally, the Court rejected Mr. Thomas' argument that the jail violated his constitutional rights by preventing Islamic gatherings led by an imam. [*Id.* at 3-4.]

## II.   Discussion

The Defendants seek dismissal of the free-exercise, equal-protection, and mail-based retaliation claims asserted in *Thomas II* on the basis of res judicata. [*Thomas II*, Defs.' Supp. Br. at 6-10.] They also argue that Mr. Thomas' retaliation claim against John Doe, which concerns having his finger slammed in a cell tray slot, fails to state a

claim for which relief can be granted. [*Id.* at 10-11.] And, if the Court chooses to exercise supplemental jurisdiction over any remaining state law claims, the Defendants argue that Mr. Thomas' fiduciary duty claim, his breach of contract claim, and his statutory "tort" claims should all be dismissed for failure to state a claim. [*Id.* at 11-13.]

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 571 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 545. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556. The Court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.3d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990).

A complaint may be dismissed based on the affirmative defense of res judicata if "'the facts that establish the defense [are] definitively ascertainable from the allegations in the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice.'" *Baratto v. Citizens Auto. Fin., Inc.*, No. 11-cv-105, 2011 WL 3678676, at *2 (D. Minn. Aug.1, 2011) (quoting *Rabo Agrifinance, Inc. v. Wachovia Capital Fin. Corp.*, No. 10-cv-983, 2011 WL 601157, at *2 (D. Minn. Feb. 11, 2011)).

### A.   Res Judicata – Free Exercise and Equal Protection Claims

The Supreme Court has explained the applicability of the doctrines prohibiting relitigation of issues addressed in a prior lawsuit as follows:

4

> Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979); *see also Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990) (quoting *Parklane*).

The Defendants rely on the doctrine of res judicata or claim preclusion in support of their motion to dismiss. [*Thomas II*, Defs.' Suppl. Mem. at 8-10.] Claim preclusion[3] prevents a plaintiff from reasserting claims where the following three elements are met: "(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the decision was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *United States v. Brekke*, 97 F.3d 1043, 1047 (8th Cir. 1996).

*Thomas I* was litigated in this Court, and there is no suggestion that the Court lacked jurisdiction over that suit. The decision in *Thomas I* resolved the Defendants' motion for summary judgment, which was a final judgment on the merits. *Dicken v. Ashcroft*, 972 F.2d 231, 233 n.5 (8th Cir. 1992) ("It is well established that summary judgment is a final judgment on the merits for purposes of res judicata."). In *Thomas I*, Mr. Thomas brought his constitutional free-exercise and equal-protection claims against Pastor Bzoskie, Lieutenant Verby, and Lieutenant Heart, so this lawsuit involves the same parties. Mr. Thomas is now attempting to relitigate the same constitutional claims he asserted in *Thomas I* in *Thomas II*. His constitutional claims in

---

[3]   Because the Defendants argue that the decision in *Thomas I* bars Mr. Thomas' claims in this proceeding, federal law governs the issue. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (explaining that federal law governs res judicata issue where the question is the preclusive effect of a judgment on claims arising under federal law as determined by a federal court); *Jorgensen v. Stewart*, No. 16-cv-450 (DSD/KMM), 2016 WL 6080200, at *2 (D. Minn. Oct. 17, 2016) ("The preclusive effect of a prior federal court judgment is determined by federal law.") (citing *Alumax Mill Prods. v. Congress Fin. Corp.*, 912 F.2d 996, 1012 (8th Cir. 1990)).

both cases are premised on allegations that the Defendants: (1) prohibited Islamic gatherings; (2) refused his requests for certain worship materials; (3) prevented him from obtaining Islamic literature; (4) treated him differently than other inmates on the basis of his religion; and (5) denied him access to an imam and imam-led gatherings. These claims involve the same legal theories and arise out of the same nucleus of operative facts or involve the "same factual predicate." *Murphy v. Jones*; 877 F.2d 682, 684-85 (8th Cir. 1989); *Jorgensen*, 2016 WL 6080200, at *3 (concluding that the claims raised in a second lawsuit "involve the same legal theories and arise from the common nucleus of operative facts underlying the [earlier] case" that was dismissed on the merits). All of the elements of claim preclusion are satisfied.

Accordingly, Mr. Thomas' constitutional free-exercise and equal-protection claims concerning Islamic gatherings, access to worship materials, and disparate treatment should be dismissed based on the doctrine res judicata.

### B.   Res Judicata – Mail-Based Retaliation Claim

The Defendants also argue that Mr. Thomas' claim against John Doe for allegedly retaliating against him for filing *Thomas I* by confiscating his legal materials is barred by claim preclusion. [*Thomas II*, Defs.' Suppl. Mem. at 9-10.] As noted above, in *Thomas I*, Mr. Thomas attempted to amend his pleadings to add this claim well after the deadline for seeking leave to amend had expired and near the end of the discovery period. [*Thomas I*, Pl.'s Mot. to Am., ECF No. 136.] The Court found that Mr. Thomas' proposed amendment was untimely and that he failed to show good cause for the delay in bringing the claim. [*Thomas I*, Nov. 29, 2016 Order at 4-7, ECF No. 170.] Although Mr. Thomas had known about the claim since June 21, 2015, he failed to seek leave to amend his pleadings to assert it until after the July 11, 2016 deadline to seek leave to amend had already passed. [*Id.* at 4-5.]

Defendants rely on *Professional Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030 (8th Cir. 2003), and *Crystal Import Corp. v. AVID Identification Sys., Inc.*, 582 F. Supp. 2d 1166 (D. Minn. 2008), in support of their argument. In *Professional Mgmt. Assocs.*, the

6

Eighth Circuit concluded that a district court's denial of a plaintiff's motion to amend a complaint in an initial suit for noncompliance with procedural rules was a judgment on the merits for purposes of a res judicata in a second suit including the same allegations. 345 F.3d at 1032-33 ("[W]e need only decide whether the denial of the motion to amend [in the first suit] was a judgment on the merits. We conclude it was."). The court explained that "denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading . . . even when denial of leave to amend is based on reasons other than the merits, such as timeliness." *Id.* at 1032. In *Crystal Import Corp.*, a case decided in this District, the court granted the defendant's motion to dismiss the action on the ground of res judicata where, following the denial of the plaintiff's motion to amend in an earlier case for lack of diligence in adherence to the scheduling order, the plaintiff brought a subsequent case based on the same factual predicate. 582 F. Supp. 2d at 1168-70 (describing the factual background of the relevant suits and citing *Prof'l Mgmt. Assocs.*, 345 F.3d at 1032).

Based on these cases, the Court agrees with Defendants that Mr. Thomas' mail-based retaliation claim is barred by res judicata. The Court had jurisdiction in *Thomas I*, in which leave to amend was denied due to a lack of diligence in complying with the deadline in the Court's scheduling order. The proposed claim in *Thomas I* involves the same John Doe defendant and the same factual predicate. The denial of Mr. Thomas' motion to amend the complaint in *Thomas I* is a final judgment on the merits barring the same complaint in *Thomas II* even though it was based on untimeliness and lack of diligence. *See Prof'l Mgmt. Assocs.*, 345 F.3d at 1032; *Crystal Import Corp.*, 582 F. Supp. 2d at 1170.

Accordingly, Mr. Thomas' mail-based retaliation claim should also be dismissed based on the doctrine res judicata.

### C. "Cell Tray Slot" Retaliation Claim

As noted above, Mr. Thomas alleges that "John Doe slammed [his] finger in a cell tray slot in bad faith." [*Thomas II*, Am. Compl. ¶ 15.] Reading Mr. Thomas' pleading as a whole and liberally, the Court understands this allegation to be part of Mr. Thomas' First Amendment retaliation claim. Essentially, Mr. Thomas alleges that John Doe retaliated against him for engaging in protected First Amendment conduct (*i.e.*, filing the *Thomas I* lawsuit) by slamming his finger in a cell tray slot. However, the Court agrees with Defendants that Mr. Thomas has failed to adequately plead a retaliation claim. [*See Thomas II*, Defs.' Suppl. Mem. at 10-11.]

Recently, the Eighth Circuit reiterated what a plaintiff must show to prevail on a First Amendment retaliation claim:

> [T]o establish a First Amendment retaliation claim in a particular case, a plaintiff must show (1) that he engaged in a protected activity, (2) that the defendant's actions caused an injury to the plaintiffs that would chill a person of ordinary firmness from continuing to engage in the activity, and (3) that a causal connection exists between the retaliatory animus and the injury.

*Scott v. Tempelmeyer*, 867 F.3d 1067, 1070 (8th Cir. 2017). With respect to the causal connection, the plaintiff must show that the retaliatory motive was a "substantial factor" or "but-for cause" of the adverse action. *Peterson v. Kopp*, 754 F.3d 594, 602 (8th Cir. 2014).

Here, the Court finds that Mr. Thomas has failed to plead sufficient facts to establish a reasonable inference that there is a causal connection between the incident in which John Doe slammed his finger in the cell tray slot and any retaliatory animus stemming from *Thomas I*. John Doe is not identified as a defendant who was named in the lawsuit from *Thomas I*, so it is difficult to understand the basis for his assertion that John Doe was motivated by the previous lawsuit. *See Neudecker v. Shakopee Police Dept.*, No. 07-cv-3506 (PJS/JJG), 2008 WL 4151838, at *10 (D. Minn. Sept. 3, 2008) (concluding that the plaintiff's amended complaint failed to allege facts that would

8

support a finding of retaliatory animus where he alleged that the defendants retaliated against for an lawsuit he filed that did not name them as defendants). This is not to suggest that a First Amendment retaliation claim against a jail or prison official could *never* be raised unless the official was specifically named in an earlier lawsuit, thereby provoking the retaliation. But here, there are no facts to suggest that John Doe had any connection to the earlier lawsuit or that explain why the filing of that lawsuit would inspire him to harm Mr. Thomas. Mr. Thomas has not even alleged facts that John Doe knew that he had filed *Thomas I*.

For this reason, the Court concludes that Mr. Thomas has failed to state a claim for which relief can be granted based on his "cell tray slot" claim.

### D. State Law Claims

Mr. Thomas' state law claims include a claim that Pastor Bzoskie breached a fiduciary duty, that John Doe breached a Ramadan observance contract, and that the Defendants violated Minn. Stat. § 3.736, subd. 2(k), which requires payment of compensation for personal injuries caused by an act or omission of a state employee acting within the scope of employment. [*See Thomas II*, May 8, 2017 R&R at 2-3, ECF No. 24 (describing state law claims).] Here, because all of the federal claims should be dismissed, the Court should also decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Section 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction over a [pendent state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction." In deciding whether to exercise such jurisdiction, we consider the following: (1) the stage of this litigation; (2) the relative difficulty of the state claim; (3) the amount of time and energy necessary for the claim's resolution; and (4) the availability of a state forum. *Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp.*, 5 F. Supp. 2d 694, 711 (D. Minn. 1998). We should "exercise judicial restraint and avoid state law issues wherever possible." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990). Here, the stage of the

litigation and the amount of time and energy necessary for the state claims' resolution weigh heavily in favor of declining to exercise supplemental jurisdiction over these claims. Based on these considerations, the Court recommends that Mr Thomas' state law claims be dismissed pursuant to 28 U.S.C. § 1367(c)(3).

### E.   Plaintiff's Motion for Voluntary Dismissal

Finally, the Court notes that Mr. Thomas has asked the Court to allow him to dismiss his lawsuit without prejudice. [*Thomas II*, ECF No. 35.] Because the Court has concluded that all of Mr. Thomas' federal claims should be dismissed because they are precluded or are implausible, the Court concludes that it would be improper to allow Mr. Thomas to voluntarily dismiss this proceeding without prejudice.

Mr. Thomas has also asked that his case be sealed from public access. [*Thomas II*, ECF No. 35.] For the same reasons the Court gave in denying this request in *Thomas I*, the Court concludes that the request should be denied in this case. [*See Thomas I*, Sept. 18, 2017 Order, ECF No. 211 (The fact that Mr. Thomas has decided to no longer practice Islam and wishes not to be publicly associated with that religion are not, however, strong "countervailing reason[s]," to overcome th[e] public interest [in the basis for judicial decisions].").]

### RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED THAT**:

1. The Defendants' Motion to Dismiss **[ECF No. 12]** be **GRANTED**, Mr. Thomas' constitutional claims be **DISMISSED WITH PREJUDICE**, and the Court decline to exercise supplemental jurisdiction over Mr. Thomas' state law claims pursuant to 28 U.S.C. § 1367;

2. Plaintiff's Motion for Voluntary Dismissal **[ECF No. 35]** be **DENIED**; and

3. This action be **DISMISSED**.

Date: October 30, 2017          *s/ Katherine Menendez*
                                Katherine Menendez
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.