# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

DESEAN LAMONT THOMAS,

                                     Plaintiff,                    Civil No. 16-3805 (JRT/KMM)

v.

PASTOR JAMES BZOSKIE,                              **MEMORANDUM**
LIEUTENANT VERBY, LIEUTENANT                       **OPINION AND ORDER**
HEART, JOHN DOE, and DAKOTA                        **ADOPTING REPORT AND**
COUNTY MINNESOTA,                                  **RECOMMENDATION**

                                     Defendants.

---

Desean Lamont Thomas, No. 228679, Minnesota Correctional Facility Rush City, 7600 Five Hundred Twenty-Fifth Street, Rush City, MN 55069, *pro se* plaintiff.

Helena R. Brosnahan and Jeffrey A. Timmerman, **DAKOTA COUNTY ATTORNEY'S OFFICE**, 1560 Highway Fifty Five, Hastings, MN 55033, for defendants.

Plaintiff Desean Lamont Thomas filed two actions against Pastor James Bzoskie, Lieutenant Hearth, Lieutenant Verby, and Dakota County (collectively "Defendants"). In the first action, *Thomas v. Bzoskie et al.*, No. 15-2197 ("*Thomas I*"), the Court ultimately granted summary judgment for Defendants. The present action ("*Thomas II*") was stayed pending resolution of the summary judgment motion in *Thomas I*. When Defendants prevailed at summary judgment in *Thomas I*, they filed a supplemental brief seeking dismissal of *Thomas II* with prejudice. Presently before the Court are several filings: (1) Thomas's Motion for Voluntary Dismissal without Sanctions; (2) Thomas's Judicial

Notice and Proclamation; (3) Thomas's Motion for Revival, Reconsideration, and to Stay Costs; (4) Thomas's Motion to Stay; (5) the Magistrate Judge's Report and Recommendation ("R&R") recommending that the action be dismissed with prejudice and that Thomas's request to seal this case be denied; and (6) Thomas's Objection to the R&R.  Because the Magistrate Judge's recommendation was not clearly erroneous, the Court will overrule Thomas's objection, adopt the R&R in full, and deny Thomas's Motion for Voluntary Dismissal.  The Court will also deny Thomas's other filings.

## DISCUSSION

### I.    MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On November 30, 2016, Defendants filed a motion to dismiss this action.  (Defs.' Mot. to Dismiss, Nov. 30, 2016, Docket No. 12.)   Because this action overlapped significantly with *Thomas I*, Magistrate Judge Kate Menendez stayed this action pending resolution of *Thomas I* and requested supplemental briefing in the present case upon such resolution.  (Order at 2, May 8, 2017, Docket No. 25.)  When Defendants prevailed at summary judgment in *Thomas I*, they filed a supplemental brief seeking dismissal of *Thomas II* with prejudice.  (Defs.' Suppl. Br. at 2, Aug. 24, 2017, Docket No. 32.)  On September 11, 2017, Thomas filed a motion seeking voluntary dismissal without sanctions and without prejudice.  (Pl.'s Mot. for Voluntary Dismissal, Sept. 11, 2017, Docket No. 35.)  He also requested that the Court seal this case from public access.  (*Id*.)

The Magistrate Judge issued an R&R recommending that Defendants' Motion to Dismiss be granted, that Thomas's constitutional claims be dismissed with prejudice, that

the Court decline to exercise supplemental jurisdiction over Thomas's state law claims pursuant to 28 U.S.C. § 1367, and that Thomas's Motion for Voluntary Dismissal be denied. (R&R at 10, Oct. 30, 2017, Docket No. 42.) The Magistrate Judge also recommended that the case not be sealed from public access. (*Id.*) Thomas subsequently filed an objection, opposing only the recommendation that the Court decline to seal this case from public access. (Pl.'s Obj. to R&R ("Obj."), Nov. 9, 2017, Docket No. 43.)

### A.    Standard of Review

Upon the filing of an R&R by a magistrate judge, a party may "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). The Court reviews de novo any portion of an R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

A motion to seal documents is a nondispositive motion ordinarily decided by a magistrate judge. *See* D. Minn. LR 5.6(d). An objection to the magistrate judge's decision regarding sealing of documents is governed by Local Rule 72.2(a). *See* D. Minn. LR 5.6(d)(4). A district court's review of a magistrate judge's order on nondispositive matters is "extremely deferential." *See Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse an order on sealing only if it is clearly erroneous or contrary to law. *See* D. Minn. LR 72.2(a); Fed. R. Civ. P. 72(a).

B.     **Thomas's Objection to the R&R**

Thomas objects only to the R&R's recommendation that the Court deny his request to seal this case from public access. (Obj.) Thomas argues specifically that his interest outweighs the public interest because "[t]here is no novel or important result manifested in the relevant case that would a rouse the Publics' [*sic*] Interest." (*Id.*) Thomas also argues that he has "[p]ending lawsuits against Public entities, which happen to be accomplices [of] some Defendants," thus "[u]nsealed files such as this . . . will expose [Thomas's] tactical maneuvers to the opposition." (*Id.*) Because a decision on sealing is nondispositive, the Court applies the more deferential standard of review to the Magistrate Judge's recommendation on this issue.

The Court will overrule Thomas's Objection because the Magistrate Judge did not clearly err in recommending that his case not be sealed. The First Amendment protects the public's right to access certain judicial proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572-75 (1980). "There is [also] a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The Magistrate Judge "consider[ed] the degree to which sealing" this entire record "would interfere with the interests served by the common-law right of access," and the Magistrate Judge "balance[d] that interference against the salutary interests served by maintaining confidentiality" of the entire record. *See id.* at 1223. The Magistrate Judge recommended that Thomas's request be denied for the same reasons that his request was denied in *Thomas I*: Thomas's decision to stop practicing Islam and his wish not to be

-4-

publicly associated with that religion are not strong enough countervailing reasons to overcome the public interest in understanding the basis for judicial decisions. (Magistrate Judge's Order at 1-2, *Thomas I*, Sept. 18, 2017, Docket No. 211 (quoting *IDT*, 709 F.3d at 1224).)   The Magistrate Judge's recommendation was not clearly erroneous or contrary to law.  Thus, the Court will overrule Thomas's objection.  Thomas did not timely object to any other portion of the R&R, thus the Court will adopt the R&R in full and deny Thomas's Motion for Voluntary Dismissal.

## II.    THOMAS'S JUDICIAL NOTICE AND PROCLAMATION

On October 26, 2017, Thomas filed a document titled "Judicial Notice and Proclamation," along with a supporting affidavit.  (Notice, Oct. 26, 2017, Docket No. 39; Aff. Supp., Oct. 26, 2017, Docket No. 40.)  The Court responded to this filing in *Thomas I*.  (Mem. Op. & Order ("*Thomas I* Order") at 6-8, *Thomas I*, Nov. 21, 2017, Docket No. 220.)   The same reasoning applies to the present action, thus the Court denies any requested relief from judgments with prejudice and any other relief without prejudice.

## III.    THOMAS'S MOTION FOR RECONSIDERATION

On October 30, 2017, Thomas filed a Motion for Reconsideration, for Revival, and to Stay Cost.  (Mot. for Recons., Oct. 30, 2017, Docket No. 41.)  The Court also responded to this filing in *Thomas I*.  (*Thomas I* Order at 7-8.)  The same reasoning applies to the present action; Thomas has failed to show compelling circumstances that warrant reconsidering or reopening Thomas's case.  Thus, the Court will deny his motion.

## IV.    THOMAS'S MOTION TO STAY

On November 29, 2017, Thomas filed a motion asking the Court "to stay this proceeding until he achieves the correct legal posture to perform in this arena." (Mot. to Stay, Nov. 29, 2017, Docket No. 46.)  The present order will resolve all pending issues in this case, and the Court will dismiss Thomas's action.   Thomas's Motion to Stay Proceedings will therefore be denied as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Objection to the R&R [Docket No. 43] is **OVERRULED** and the Magistrate Judge's R&R [Docket No. 42] is **ADOPTED in full**.    Thomas's constitutional claims are **DISMISSED WITH PREJUDICE**, and the Court declines to exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367.

2.    Plaintiff's Motion for Voluntary Dismissal [Docket No. 35] is **DENIED.**

3.    Plaintiff's Motion for Revival, Reconsideration, and to Stay Costs [Docket No. 41] is **DENIED**.

4.    Plaintiff's Motion to Stay [Docket No. 46] is **DENIED** as moot.

5.    Plaintiff's action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  December 6, 2017                    _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                                            Chief Judge
                                                            United States District Court